```
                IN THE UNITED STATES DISTRICT COURT
                             FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA
```

JERRY ALLEN REED,                :
                                 :
        Petitioner               :
                                 :
   v.                            :    CIVIL NO. 3:CV-17-1778
                                 :
BARRY SMITH,                     :
                                 :    (Judge Conaboy)
                                 :
        Respondent                :

FILED SCRANTON OCT 0 3 2017 Per CT DEPUTY CLERK

**MEMORANDUM**
**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Jerry Allen Reed, an inmate presently confined at the State Correctional Institution, Houtzdale, Pennsylvania (SCI-Houtzdale). Accompanying the petition is an in forma pauperis application which will be granted for the sole purpose of the filing of this action with this Court.

Named as Respondent is SCI-Houtzdale Superintendent Barry Smith.[1] Galloway was convicted of multiple charges relating to the sexual assault of his minor biological daughter following a jury trial in the Lancaster County Court of Common Pleas. See Doc. 1, p. 15. Petitioner is presently serving an aggregate

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242.

1

twenty-one (21) to fifty (50) year term of imprisonment which was imposed on September 5, 2014. See id. at p. 19.

The judgment of sentence was affirmed by the Pennsylvania Superior Court on July 19, 2010. See id. at p. 32. The Pennsylvania Supreme Court denied Reed's petition for allowance of appeal on March 23, 2016. Petitioner also previously filed a petition under Pennsylvania's Post Conviction Relief Act (PCRA) which was denied without a hearing.[2] See id. at p. 15.

Petitioner's present action argues that the trial court erred by violating his right to testify on his own behalf and denying his motion in limine regarding the admissibility of prior bad acts. Reed also raises claims of ineffective assistance of counsel.

## Discussion

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State

---

[2] One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

2

> court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner is presently confined at SCI-Houtzdale which is located within the confines of the United States District Court for the Western District of Pennsylvania. Reed is attacking the legality of a conviction and sentence which transpired in the Lancaster County Court of Common Pleas, which is located within the jurisdiction of the Eastern District of Pennsylvania. See 28 U.S.C. § 118(a).

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008

WL 2609826 at * 2.

Since the trial court, as well as any records, witnesses and defense counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District. An appropriate Order will enter.

                                                  /s/ Richard P. Conaboy
                                      RICHARD P. CONABOY
                                      United States District Judge

DATED: OCTOBER 9th, 2017